IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DWAYNE BYBEE, | ) |
| | ) |
| Plaintiff | ) 1:22-CV-00254-RAL |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| FIFTH THIRD BANK, CHEX SYSTEMS, INC., JOHN DOES 1-5, | ) |
| | ) MEMORANDUM OPINON AND ORDER |
| | ) ON DEFENDANT'S MOTION FOR A |
| Defendants | ) MORE DEFINITE STATEMENT |
| | ) |
| | ) IN RE: ECF NO. 7 |

I.   Introduction

Plaintiff Dwayne Bybee ("Bybee"), acting *pro se*, commenced this action in the Court of Common Pleas of Erie County, Pennsylvania. ECF No. 1. His complaint alleged that Defendants Fifth Third Bank and Chex Systems, Inc. ("ChexSystems") violated his rights under the Fair Debt Collection Act, Fair Credit Reporting Act, and Consumer Protection Act. ECF No. 1-2. After the complaint was removed to this Court (ECF No. 1), ChexSystems moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e). ECF No. 7. Bybee responded to this motion. *See* ECF No. 13. Bybee's response is in the nature of a supplement to his complaint and the Court will construe it as such. Having considered the allegations of Bybee's complaint as supplemented by his response, the Court will deny ChexSystems' motion for a more definite statement without prejudice to its right to file an appropriate motion challenging the sufficiency of the allegations to state a claim.

1

II.   Legal Standard

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Rule requires that the motion "be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.*

A Rule 12(e) motion should only be granted "if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading." *Drew v. Walton*, 2019 WL 7283131, at *2 (W.D. Pa. Dec. 27, 2019) (quoting *Country Classics at Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 371 (E.D. Pa. 2011)) (internal quotations omitted); *see Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006). A Rule 12(e) motion is used "to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail." *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 522 (E.D. Pa. 2012) (quoting *Frazier v. SEPTA*, 868 F. Supp. 757, 763 (E.D. Pa. 1994)); it is not a tool for obtaining information "which presents a proper subject for discovery." *MK Strategies, LLC, v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (citing *Lincoln Labs., Inc. v. Savage Labs., Inc.*, 26 F.R.D. 141, 142-43 (D. Del. 1960)). Rule 12(e) is therefore "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading."

*Sadelmyer v. Peltzer*, 2013 WL 4766517, at *7 (W.D. Pa. Sept. 4, 2013) (quoting *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967)). Whether a Rule 12(e) motion should be granted is "a matter committed largely to the discretion of the district court." *MK Strategies*, 567 F. Supp. 2d at 737 (quoting *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003)).

    III.    Discussion

The complaint alleges that ChexSystems violated "the Fair Credit Reporting Act 15 U.S.C. 1681h(c)," "the Debt Collection Act," and "the Consumer Protection Act 15 U.S.C. 1691, 1692,"[1] by generating a consumer credit report that falsely reported that Bybee has a "Fifth Third Bank account number ending in -9125 with a charge off [sic] amount of $335.81." ECF No. 1-2, ¶¶ 4, 7. In his response to the instant motion, "Bybee asserts that upon contact from [him] wherein it was established that his identity had been stolen and mis appropriated [sic] the derogatory remarks should have been removed." ECF No. 13, ¶ 7. This response additionally avers that the false consumer report, which is at least partially appended to the complaint (ECF No. 1-2, Ex. A), prevented Bybee from obtaining a car loan and opening bank accounts. *Id.*, ¶¶ 8-10. Construing Bybee's response to the instant motion (ECF No. 13) as a supplement to his complaint, the Court concludes that the facts alleged are not so vague or ambiguous that the ChexSystems cannot reasonably be required to respond. *See* Fed. R. Civ. P. 15(d). *See also Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (*pro se* plaintiffs are held to less stringent pleading standards).

ChexSystems' instant motion identifies the claims asserted against it as well as Bybee's basis for asserting these claims, but contends that "ChexSystems cannot reasonably prepare a

---

[1] ChexSystems may contest the applicability of these statutory provisions or the sufficiency of Bybee's allegations to support a violation of these provision in its answer or a motion pursuant to Fed. R. Civ. P. 12(b)(6).

response" to the complaint because it "lacks critical details." ECF No. 8, p. 2. Specifically, ChexSystems argues that the "complaint fails to state . . . basic facts about *how* ChexSystems' violated any of the alleged federal statutes, *when* ChexSystems violated these statutes, and *how* ChexSystems' actions caused the alleged harm." *Id*, p. 4. Among the questions ChexSystems seeks answers to are: "What consumer report did ChexSystems prepare regarding Plaintiff? Did this unknown report actually have any impact on Plaintiff? What does Plaintiff contend that ChexSystems *should* have done – but failed to do . . . ?" and "What statutory provisions does Plaintiff contend ChexSystems violated?" *Id*.

      While Bybee's pleadings are not the model of particularity or clarity, they are sufficient to allow ChexSystems to discern the claims Bybee asserts and his basis for bringing those claims. *See Lamb v. Richards Snow & Ice Removal*, 2017 WL 6352401, at *2 (W.D. Pa. Dec. 11, 2017) (citing *Merrigan v. Watsontown Trucking Company, Inc.*, 2017 WL 1838575, at *2 (D.N.J. May 5, 2017)). Bybee has appended a document to his complaint that he alleges is at least part of the false credit report upon which he bases his claims. Factually, he alleges that he does not owe the debt in the amount of $335.81 listed in the report because it was incurred by another person who stole his identity and that he communicated this information to ChexSystems. In his supplement to the complaint, he also alleges that the allegedly false information in the report has impaired his credit and caused him to be denied an automobile loan. Indeed, ChexSystems' own description of the complaint supports that it is not so vague or ambiguous that ChexSystems cannot reasonably prepare an adequate response. *See Country Classics*, 780 F. Supp. 2d at 372 ("because Defendant can easily discern Plaintiff's specific allegations from the face of the Complaint, the motion for a more definite statement will be denied."). In any event, any vagueness in Bybee's complaint was sufficiently cured by his

response to the instant motion, which the Court has treated as a supplement to the complaint. *See, e.g., Garrett v. Wexford Health,* 938 F.3d 69, 83 (3d Cir. 2019) ("Supplementation under Rule 15(d) therefore can be employed to allege subsequent facts to cure a deficient pleading."). ChexSystems' remaining unanswered questions are better addressed by its answer or other response to the complaint, or else are more appropriate for discovery. *See Lamb*, 2017 WL 6352401, at *2 (W.D. Pa. Dec. 11, 2017) (citing *A.M. Skier, Inc. v. Creative risk Services, Inc.*, 2006 WL 167762, at *12 (M.D. Pa. Jan. 20, 2006)). The Court is therefore not persuaded that Bybee's pleadings prevent ChexSystems from responding in good faith. *Id.* (quoting *A.M. Skier*, 2006 WL 167762, at *12) ("Rule 12(e) motions . . . will be granted only 'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'").

IV. Conclusion

Accordingly, the Court denies ChexSystems' motion for a more definite statement (ECF No. 7) without prejudice to ChexSystems' right to challenge the legal sufficiency of Bybee's factual allegations by filing a motion pursuant to Rule 12(b)(6) or other appropriate motion.

SO ORDERED, this 12th day of December, 2022

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE